ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 23 2006

LUTHER D. _____, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michael C. Abernathy Jr., Lavern Anderson,
Troy Anderson, Keith Aylsworth, Ralph
Bagwell, Benny M. Baird, Roy M. Baker, David
Beard, Greg Beard, James Hugh Berrier, David
A. Berry, J.T. Biddy, H. Marty Blakenship,
Brandon Kyle Bowman, Brien Scot Branton,
Scott Bright, A.D. Brock, Calvin Lydell, Broom,
Jr., Douglas M. Brown, Michael H. Bruton,
Jackie R. Bryant, Mark Buchanan, Ronald J.
Bunch, Ronnie C. Bunch, Donald Burnley, Mark
O. Burson, Mark R. Bush, Earl W. Cagle, Lantz
Campbell, James R. Cannon, Jerry R. Cargle,
Anthony G. Carver, Gary Van Chappell, Jeff
Chatman, Steven Chatman, David Childers,
Douglas L. Churchville, Ronnie Lee Clackum,
Gerald Clements, Jackie Cochran, Mark A.
Cochran, Robert A. Cole, Jeffrey K. Cook, David
P. Corn, Trent Crabbe, Ross Crosby, James C.
Crouse, III, James Alan Dabbs, Dartania
Daugherty, Dwayne Davenport, Al Deems, Steve
Dingler, Robert L. Dotson, Jr., Tim Dotson,
James Derrick Eason, G.S. Edwards, Matt
Eubanks, Dennis M. Evans, Glen Keith Fowler,
Jason Dennis Gable, Khalid George, Ralph W.
Googe, Stephen Chad Gordon, Richard David
Graham, Greg Green, Robert Green, Robert
Gregory, Jeff Hardy, Ivy Randy Harris, Tim
Harriss, Waylon Hasty, Michael Keith Hill,
George L. Hix, Bruce W. Holloway, Ricky
Holmes, Bill Holsomback, R.E. Holsomback,
David B. Hughes, Cesar Hutado, David James,
Roy D. James, Gary L. Johnson, John Harvey
Johnson, Steven Johnson, James R. Jones, Scott

: CIVIL ACTION FILE NO.

: 1 06 - CV - 0419

: FAIR LABOR
: STANDARDS ACT
: COLLECTIVE ACTION

JURY TRIAL
REQUESTED

COPIES RECEIVED
Consent to US m...
Pretrial Instructions _____
Rule XII NTC

J. Kalson, Dwight Kar, Robert A. Kerr, James          :
King, Danny Kirk, Jimmy R. Knight, Kenneth            :
Lattimore, Harry Lee, Dennis Jason Leonard,           :
Dwight M. Leonard, Randal D. Leonard, Ryan            :
Lloyd, Ryan Loveless, Henry Loyal, Jr., Doug          :
Mashburn, Ernest E. Mason, Tim Mathis, Scott          :
Mays, Jason J. McClure, Jimmie McGee, James           :
Carl Miller, Robert M. Moss,  Mark Nairn, Mike        :
C. Nelson, Ronnie J. Nichols, Mark Nixon,             :
Andrew Keith Norton, Thomas J. Osborne,               :
Namath Padgett, Brett Page, Bryan C. Parker, T.       :
Daniel Perrin, Ken Perry, Steven C. Petry, C.         :
Evan Phillips, Johnny L. Pinkard, Darren              :
Pledger, Jamey R. Porter, Shane Porter, Titus J.      :
Rachel, Steve Ramey, Thomas Rhyne, Michael            :
L. Rice, Philip Richards, David S. Roberts,           :
Jeremy Robinson,  Rockford Robinson, John             :
Salazar, Michael Scott, Ronnie E. Self, Gregory       :
Shivers, Kenneth Sims, Jeff L. Smith, Carl W.         :
Sorrell, Malcolm Stager, Allen Storey, Keith          :
Stroup, David P. Summey, Edward T. Sweezey,           :
Pete Taylor, III, R. Wayne Tenney, Chad A.            :
Thompson, Jerry Thornbrough, Henry A.                 :
Tidwell, Jr., Elwyn Tillery, Richard H. Todd,         :
Donald Tolbert, Paul Vaught, Paul Warbington,         :
Kylan Warren, Mark D. Warren, Fred L. White,          :
David Whitfield, Michael Willerson, Gary              :
Williams, Jerry L. Williams, Joshua Williams,         :
Stephen Williams,  Robert F. Willoughby,              :
Windel Wilson, Elbert Wise, Jr., John Michael         :
Wood, and Steve Woodall,                              :
                                                      :
                  Plaintiffs,                         :
                                                      :
                                                      :

-2-

vs.                                                   :
                                                      :
Georgia Power Company,                                :
                                                      :
_____Defendant._____                          :

## COMPLAINT

In this Complaint, the Plaintiffs assert claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. [hereinafter FLSA] against their employer, Georgia Power Company, for overtime compensation, liquidated damages and reasonable expenses of litigation including attorneys' fees, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendant is a resident of this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

-3-

3.

This action is brought by past and present employees of Georgia Power Company for violation of the FLSA, based upon the Defendant's failure to properly compensate certain employees for wages earned while assigned to standby duty under the on-call work rules and regulations established by Congress and the United States Department of Labor.

## PARTIES

4.

Plaintiffs are present and former employees of Georgia Power Company [hereinafter "Plaintiffs"].

5.

Plaintiffs bring this action on behalf of themselves and any similarly situated employees who, pursuant to 29 U.S.C. §216(b), consent to the resolution of their FLSA claims in this legal action. Each Plaintiff has expressly consented to the initiation of this lawsuit and grants to this Court the authority to adjudicate their individual FLSA claims. The number of Plaintiffs may from time to time be increased as other similarly situated individuals "opt-in" to this litigation, pursuant to 29 U.S.C. §216(b).

-4-

6.

Defendant Geogia Power Company [hereinafter "Geogia Power" or "Defendant"] is a Georgia corporation with its principal place of business located in Fulton County and is subject to the jurisdiction of this Court. Georgia Power is also an employer within the meaning of the FLSA. Georgia Power may be served with process via its registered agent Terry Hodges, at the business address of 241 Ralph McGill Boulevard, B-10180, Atlanta, Georgia 30308.

## FACTUAL ALLEGATIONS

7.

Plaintiffs are employees engaged in an occupation directly essential to the protection of goods. Their activities safeguard the continuity of production and protect the stream of commerce against interruption. Plaintiffs are therefore employees engaged in the production of goods for commerce as defined by 29 U.S.C. §203(j), and are expressly covered by the protections of 29 U.S.C. §207(a).

8.

Plaintiffs work a regular forty hour a week schedule of eight (8) hours per day on duty for five days a week. In addition to their regular work week, Georgia Power requires Plaintiffs to work on-call duty. Plaintiffs who work at one of Georgia

-5-

Power's headquarter facilities are on a rotating standby list.  Plaintiffs who work at

Georgia Power's non-headquarter facilities are on standby at all times other than the

forty (40) hours of their regularly scheduled work week; although employees are not

expected to be available for call outs if the employee is on pre-approved vacation or

sick leave.  According to call out guidelines set by Georgia Power, employees in

classifications subject to call outs must respond to 50% or more of attempted call outs

or be subject to formal discipline.  While working standby duty, Plaintiffs must stand

ready to respond to all utility related emergencies, beginning after their regular shift

is completed, and continuing until they return to work the next regular shift.

9.

Historically, Georgia Power had a policy whereby employees required to work

standby received additional compensation for having to be on standby. This

compensation was paid in addition to any time the employees actually spent

responding to emergencies.

10.

Georgia Power's on-call/standby policy requires employees like Plaintiffs to

monitor a cell phone, telephone or pager at all times, without any relief, while on

standby.  Employees must leave their homes within fifteen minutes of receiving a call

-6-

out.  Plaintiffs are subject to discipline up to and including termination for failing to respond to call outs.

11.

While on standby the employee is required by his employer to wait to respond for emergency calls.  He therefore  must remain within a specific geographic radius around his place of employment that will permit the Plaintiff-employee to receive calls from the communication center to attend to an emergency and to promptly respond to such emergency call.  The geographic restriction imposed on standby employees limits the employees' ability to use standby time for personal pursuits, and as such, the FLSA requires Georgia Power to compensate employees for their waiting time.

12.

A critical and essential service of Geogia Power is after hours emergency response capability for the utility services Georgia Power offers and supplies to its customers for a fee.  The work performed by Georgia Power standby employees affects all of Geogia Power's residential and commercial customers.

13.

While standing by, an employee's ability to pursue personal pursuits is severely

-7-

restricted.  For example, employees cannot schedule a vacation, travel any distance from home, travel outside of cell phone or pager range, be at home alone with young children, entertain, coach children's sports teams, consume alcoholic beverages, or risk attending a movie or any other event where his attendance is required during the standby period. Plaintiffs who are not on a rotating standby list are subject to being called in at any time when he/she is not already scheduled to work.  Those Plaintiffs on a rotating standby list are subject to being called at any time during their standby rotation; however, not being designated as on "standby" during a given week does not mean an employee is exempt from being called in.  Should the need arise, an employee on the rotating standby list is subject to being called in when not scheduled to be on standby.

14.

Employees' personal activities are routinely interrupted while on standby by callouts requiring that Plaintiff drop what they are doing and attend to the emergency. Frequently, Plaintiffs are contacted for callouts multiple times a day.  Defendant's total number of callouts per 6 month period is approximately 15,000.

15.

When a Plaintiff on standby is actually called into work on an emergency

-8-

situation, such as a loss of electricity due to downed power lines, the employee is paid overtime compensation at the premium rate of time and one half of the hours spent resolving the call out emergency.

16.

Georgia Power does not employ full time employees to staff a night shift to respond to after hours situations.

17.

Georgia Power has required its employees to effectively staff a night shift to handle emergency electrical calls by requiring them to work standby duty.

18.

Plaintiffs must be alert and ready to respond promptly at all times while on standby.

19.

Plaintiffs are severely restricted in their ability to pursue their personal interests during the time they are engaged to wait. By virtue of the requirement that Plaintiffs leave their homes immediately upon receipt of an emergency call-in and the frequency with which such calls are received, Plaintiffs are unable to schedule and commit to personal pursuits during standby time. The geographic restrictions

-9-

imposed by Georgia Power prohibit Plaintiffs from engaging in personal pursuits outside the immediate geographic area. Thus, the limitations created by Geogia Power's standby requirements prohibit the Plaintiffs from using their standby time effectively for their own purposes.

20.

The Plaintiffs are never completely relieved from duty while on standby. Plaintiffs must continue to monitor their cell phones, telephones and pagers throughout the night and on the weekend.

21.

The nature of the tasks performed by standby employees demands an immediate response to an emergency situation. Given the nature of the after hours work performed by standby employees, it is self evident that the response time of the standby personnel is critical to the very purpose of having the employee remain close by and on constant call. Such restrictions make the waiting time compensable.

22.

Frequently, Plaintiffs must exercise discretion and judgment in the performance of their job during call backs. Errors or mistakes in the performance of Plaintiffs' job duties may cause serious personal injury or endanger others. Thus, Plaintiffs' ability

to enjoy their standby time is limited by the need to remain ready to return to a dangerous work environment at a moment's notice.

23.

Georgia Power does not compensate Plaintiffs for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which they are employed when those excess hours are spent when Plaintiffs are "engaged to wait" to respond to emergency calls during the week they are assigned standby or on-call duty.

24.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA (§207) for the Plaintiffs' on-call time spent "engaged to wait" to respond to utility emergencies.

25.

Defendants are liable for overtime compensation for any and all standby or on-call time worked in excess of the Plaintiffs' regular 40 hours per week shift at the rate of at least one and one-half times the regular rate.

-11-

## CLAIMS FOR RELIEF

### 26.

Paragraphs 1 through 25 are incorporated herein by this reference.

### 27.

Georgia Power has failed to adequately compensate Plaintiffs for standby duty as required by the FLSA.

### 28.

Plaintiffs, non-exempt employees of Georgia Power, are entitled to overtime compensation within the meaning of 29 U.S.C. §203(e). Each Plaintiff is entitled to the protections of the overtime requirements of the FLSA. Specifically, Georgia Power owes Plaintiffs overtime compensation at the premium one and one half times their regular rate of pay for all compensable hours worked in excess of forty (40) hours in a defined seven (7) day work week.

### 29.

Georgia Power's failure to compensate Plaintiffs for time worked, while they are engaged to wait in excess of their regular 40 hours per week shift on a basis of one and one-half times the regular rate of pay, violates §207 of the FLSA.

-12-

30.

Georgia Power's prior policy of compensating employees who were required to standby demonstrates that Georgia Power considered standby time to be work and therefore compensable.

31.

All uncompensated time spent on-call or on standby duty must be compensated at the premium time and one half rate if the Plaintiff-employee required to work standby has also worked their regular forty hour work week.

32.

Such violation is intentional and willful, as Georgia Power knowingly failed to compensate Plaintiffs for their on-call time. Said willful violation gives rise to a claim for relief under the FLSA for Plaintiffs for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. §216.

WHEREFORE, the Plaintiffs request this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed under 29 U.S.C. §216 for Plaintiffs and for

-13-

other Georgia Power employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Award the Plaintiffs payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate of pay, and liquidated damages equaling 100% of overtime due each class member, as required by the FLSA;

(e)     Award the Plaintiff members prejudgment interest on all amounts owed;

(f)     Issue a declaratory judgment that Plaintiffs are covered by the provisions of the FLSA and that Georgia Power has failed to comply with the requirements of the FLSA;

(g)     Issue preliminary and permanent injunctions directing Georgia Power to comply with the provisions of the FLSA and preventing Georgia Power from reducing the pay of Plaintiffs to offset its overtime liability;

(h)     Award Plaintiffs their attorney's fees and costs; and

(i)     Award any other such further relief this Court deems just, equitable and proper.

This 23rd day of February, 2006.


A. LEE PARKS
State Bar No. 563750
lparks@pcwlawfirm.com
ANDREW Y. COFFMAN
State Bar No. 173115
acoffman@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
Tel:   (404) 873-8000
Fax:   (404) 873-8050

-15-